## G. W. BALLOU v. G. D. HUMPHREY.

EVIDENCE; *Circumstantial; Competency.* Where a plaintiff attempts to prove a material fact by circumstantial evidence, it is competent for the defendant to disprove the same by circumstantial evidence; and it is not necessary that the evidence of the defendant be of as high an order or as conclusive as that of the plaintiff. If it tends to disprove such fact, it is competent if otherwise sufficient.

*Error from Lyon District Court.*

TRESPASS, brought by *Ballou*, to recover damages for injuries committed to his sheep by *Humphrey's* dogs. The petition alleged that the defendant's dogs had killed 22 of plaintiff's sheep, and had injured others of them, and contained the aver-

ment that defendant kept "certain dogs which he well knew were accustomed to hunt, chase, bite, and worry and kill sheep and lambs." Answer, general denial. The action was tried at the September Term, 1870. The only error complained of was the admitting certain testimony offered by the defendant. This testimony is stated in full in the opinion. Verdict and judgment for the defendant, and *Ballou* brings the case here for review.

*Almerin Gillett*, for plaintiff in error.

*Ruggles & Plumb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced by the plaintiff G. W. Ballou against the defendant G. D. Humphrey for certain injuries alleged to have been caused by the defendant's dogs to the plaintiff's sheep. The petition below was sufficient to maintain the action, either as a common-law action, or as an action under the statute: Laws of 1863, p. 97, ch. 59; Gen. Stat., ch. 105, §§ 44, 45. But as the evidence almost if not entirely failed to show that the dogs had ever before committed any such injury, and as it utterly failed to show that the defendant ever had any knowledge that his dogs had previously committed any such injury, or even that they had any disposition to commit any such injury, the action must now be maintained, if at all, as an action under the statute. (1 Hilliard on Torts, 564 to 568, and cases there cited; 1 Chitty Pl., 82.) Under the statute the owners of dogs are liable for this class of injuries without any regard to the previous knowledge of the owners of their dogs' dispositions, propensities, or habits. The judgment below was for the defendant, and the plaintiff brings the case to this court. The only question presented here is, whether the court below erred in permitting certain evidence to go to the jury against the plaintiff's objections. The evidence complained of was certain testimony tending to show that in the same neighborhood where the plaintiff's sheep were injured, and at about the same time of such injury, other

sheep were chased, worried, injured, and killed by other dogs than those of the defendant.

The whole of the evidence tending to establish the defendant's liability is brought to this court. The other evidence, not objected to, tended to show that previous ·to the 6th of September, 1868, the plaintiff had a flock of sheep running at large in said neighborhood; that on the 6th of September plaintiff got them home; at the same time the defendant had two dogs—one, a year old, and gray—the other, eight months old, and black. On the 7th of said September, early in the morning the plaintiff visited his flock of sheep and found several of them killed, and several others injured. Passing further along he saw defendant's gray dog and another gray dog "running back and forth behind a yearling lamb and snapping at it; and just as the lamb started to jump forward the defendant's black dog jumped out of the grass and caught the lamb by the throat and held it" until the plaintiff drove it off by shooting at it. Afterwards, about seven or eight o'clock in the morning of the same day the defendant killed both of his dogs. Four days later the defendant and plaintiff examined the stomachs of said dogs. Nothing was found in the gray dog's stomach except some potato pearings not digested, nothing to indicate that he had killed or eaten any sheep. "The black dog had fully half a peck of everything in his stomach—beef, rabbit meat, rabbit hair, and a piece of sheep skin about one-half by two inches, partially decomposed, but had the wool on. Ballou thought the dog had killed the sheep. Humphrey thought not because there were other dead sheep lying around." "Ballou thought the meat which Humphrey called rabbit meat might be sheep" meat. The defendant also testified that "The black dog was a puppy, and fond of play. The dogs never separated. They were in the habit of going out into the field to hunt rabbits—used to catch a great many—used to get out most every morning as soon as light." There was some other evidence which we do not think is necessary to mention. There was no evidence showing that the defendant's dogs injured the yearling lamb which the black

dog caught by the neck; and there was nothing but circumstantial evidence tending to show that the defendant's dogs killed or injured any of the other sheep of the plaintiff. On the night of the said 6th of September there were seven of the plaintiff's sheep killed and twelve wounded, five of which were supposed to be fatally wounded; and several were wounded previous to that time; and for this the plaintiff claimed a thousand dollars damages.

Under the statute the defendant is liable for just the injuries that his dogs committed—no more, and no less. He is not liable for injuries committed by other dogs. Hence, any evidence tending to show that other dogs committed the injuries complained of would be competent evidence to go to the jury. Nobody saw the sheep killed or injured, and there was no direct or positive evidence tending to show that the defendant's dogs committed said injuries, or that they did not commit said injuries. Hence, the best evidence that either party could furnish to prove or disprove said fact was circumstantial evidence. The plaintiff introduced circumstantial evidence to prove said fact, and of course the defendant had the right to introduce the same kind of evidence to disprove said fact. But there may be a question as to the limits within which the defendant may go. Must he be confined to those few circumstances which may tend directly to disprove said fact? Or, may he traverse the whole vast field of circumstances which may tend in the slightest or most remote degree to prove his case? Circumstantial evidence may be proximate, or it may be remote; and as there may be an infinite number of circumstances which may tend to prove or disprove a given fact, so there may be infinite degrees of remoteness or proximity with regard to such fact. "Every event, which actually transpires, has its appropriate relation and place in the vast complication of circumstances, of which the affairs of men consist; it owes its origin to those which have preceded it; it is intimately connected with all others, which occur at the same time and place, and often with those of remote regions; and, in its turn, it gives birth to a thousand others which succeed. In

all this there is perfect harmony." A court is not generally bound to permit every circumstance to be proved which tends only in some slight or very remote degree to prove a given fact; and the court may generally require that the most proximate circumstances shall first be proved. But if the circumstance be proximate, or if it form a link in a chain of circumstances which are proximate, and tend directly to prove the main fact in issue, the court could not exclude such evidence without committing gross error; and it could seldom if ever be error for the court to admit evidence of circumstances which tended to prove a fact in issue, however remote such proof might be.

The plaintiff in order to prove that the defendant's dogs killed his sheep, proved that the dogs were seen near the sheep, within about fifty yards of a certain fence, (but whether they were within fifty yards or one mile from the sheep that were *killed*, the evidence does not show,) on the morning after the sheep were killed. Now, in order for the jury to find from this evidence that the defendant's dogs and the plaintiff's sheep were at one time together, and that the dogs killed the sheep, it is necessary to leap over a certain portion of time and distance without any evidence concerning it. And this is all that is necessary, in order to bring those dogs of other persons that killed sheep in the same neighborhood about the same time and the plaintiff's sheep together, and to draw the inference that these dogs killed the plaintiff's sheep, except perhaps a greater amount of time and distance must be leaped over without exact proof concerning it. The evidence of the plaintiff in this respect, and the evidence of the defendant objected to, is in principle the same, except only in the defendant's case there is more time and greater distance not accounted for than in the plaintiff's case, and therefore the presumption in favor of the defendant on this evidence is weaker than the presumption in favor of the plaintiff. With regard to the other evidence we have nothing to say, and whether the finding of the jury upon the whole of the evidence was correct we have nothing to say, as we do not retry questions of fact which have

been tried by a jury. Upon the question of law submitted to us we decide as follows: When a plaintiff attempts to prove a material fact by circumstantial evidence, it is competent for the defendant to disprove the same by circumstantial evidence; and it is not necessary that the evidence of the defendant be of as high an order or as conclusive as that of the plaintiff. If it tends to disprove such fact, it is competent, if otherwise sufficient. The judgment is affirmed.

All the Justices concurring.